IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:19-CR-00092-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| ASHLEY DAWN WALKER, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Ashley Dawn Walker's *pro se* motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2). (Doc. No. 92). Because Defendant has not met her burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny her motion.

In 2019, Defendant pled guilty to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. (Doc. No. 77). She was sentenced to 120 months imprisonment plus five years of supervised release. (Doc. No. 88).

Defendant is a 36-year-old female serving her prison sentence at FMC Lexington in Kentucky. Her current projected release date is January 19, 2028. Defendant bases her current motion on the fact that she misses her 10 year-old daughter, and her parents, who are guardians of her daughter, are sick. (Doc. No. 92 at 1). Needless to say, everyone in prison misses their family. According to the Presentence Investigation Report, the Defendant has siblings who reside in North Carolina and Arizona who could look after her daughter if her parents are unable. (Doc. No. 84, ¶¶ 47, 48).

The Court finds that Defendant has not presented an extraordinary and compelling reason for a sentence reduction.

As the Supreme Court has noted, finality is "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). While the value of finality does not carry as much weight in criminal litigation as in civil litigation, it does not disappear completely. *See Friendly, Is Innocence Irrelevant? Collateral Attacks on Criminal Judgments,* 38 U. Chi. L. Rev. 142, 150 (1970). This is because constant re-litigation of settled decisions erodes the public's confidence in the criminal justice system. *See Mackey v. United States,* 401 U.S. 667, 691 (1971) (Harlan, J., concurring in part and dissenting in part) ("No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved."); *see Custis v. United States*, 511 U.S. 485, 497, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994) ("[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures and inevitably delay and impair the orderly administration of justice."); *see also Edwards v. Vannoy*, 141 S. Ct. 1547, 1570 (2021) (Thomas, J., concurring) ("the idea that at some point a criminal conviction reaches an end, a conclusion, a termination, 'is essential to the operation of our criminal justice system.").

Whether a specific sentence was correct can always be debated, but "if the rule of law means anything, it means the final result of proceedings in courts of competent jurisdiction establishes what is correct 'in the eyes of the law.'" *Edwards*, 141 S. Ct. 1547 at 1571 (citing Herrera v. Collins, 506 U.S. 390, 399-400, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993)). As a result, the law jealously protects the finality of criminal sentences against judicial "change of heart." *United*

*States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (citing *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)).

Here, the Defendant seeks what would amount to a judicial "change of heart." While 18 U.S.C. 3582(C)(1)(A)(i) inherently challenges the finality of a criminal sentence, it requires an extraordinary and compelling reason. And the Defendant has failed to meet that burden. Simply put, the fact that a previously imposed sentence, which contained no underlying legal defect at the time of its imposition, is lengthy does not constitute an extraordinary and compelling reason. The Court will not open the floodgates for the second guessing of every validly imposed sentence merely because the defendant would like to serve a shorter one. Every defendant can argue before this Court (and on appeal) what sentence should fairly be imposed for the crimes committed. In this Court's view, a motion for compassionate release is not an opportunity to re-open a Defendant's original sentencing hearing because the Defendant disagreed with the outcome. Consequently, keeping in mind the vital role that finality plays in instilling confidence in and respect for the criminal justice system, the Court finds that the Defendant has not shown an extraordinary and compelling reason for sentence reduction under 18 U.S.C. 3582(C)(1)(A)(i).

For these reasons, Defendant's *pro se* motion for reduction in sentence under 18 U.S.C. § 3582(c)(2)," (Doc. No. 92), is **DENIED**.

    **SO ORDERED.**

Signed: January 9, 2023

Kenneth D. Bell
United States District Judge